IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

Filed at 9:52 AM 5-___, 2006

UNITED STATES OF AMERICA :

VS. :

JONATHAN PHILLIP ROBERTS : CRIM. NO. 3:04-CR-18(CAR)

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and **JONATHAN PHILLIP ROBERTS**, hereinafter referred to as "Defendant," and defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that defendant has reviewed and discussed the Indictment against defendant in this matter with defendant's attorney and defendant's attorney has explained to defendant his understanding of the government's evidence.

(2)

The defendant understands that defendant is not required to plead guilty, and that defendant has the right to plead not guilty and to elect instead to be tried by jury. The defendant understands that at a jury trial, defendant would enjoy a presumption of innocence, and that the government would have the burden of proving defendant's guilt beyond a reasonable doubt. The defendant understands that defendant would be entitled to the services of a lawyer at all stages of such a trial. The defendant



understands that defendant would be entitled to confront and to cross-examine the government's proof, and to present witnesses and evidence in defendant's own behalf. The defendant understands that defendant would have the right to testify in defendant's own behalf, but that defendant could not be compelled to do so. Defendant has discussed these rights with defendant's attorney. Defendant is satisfied with the services of defendant's lawyer. Defendant knowingly and voluntarily waives defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, ___ U.S. ___, 2005 WL 50108 (January 12, 2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. So the Defendant agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. The Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of defendant's rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4) below, agrees pursuant to Rule 11(e), Federal Rules of Criminal Procedure, as follows:



2

(A) The defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the above-referenced Indictment, which charges the defendant with Using a Telephone to Threaten to Bomb a Building, in violation of Title 18, United States Code, Section 844(e).

(B) That defendant fully understands that his plea of guilty, as set forth in subparagraph (2)(A) above, will subject defendant to a maximum sentence of ten (10) years imprisonment, a maximum fine of $250,000.00, or both, and a term of supervised release of three (3) years. **JONATHAN PHILLIP ROBERTS** further acknowledges that the Court is required to impose a mandatory assessment fee of $100.00 (per Count).

However, the Government and the Defendant agree that Defendant be permitted to enter his plea pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and that the Court, under the terms of this binding plea agreement, impose a sentence of Twelve (12) months imprisonment on Count One, to be served concurrently with Defendant's sentence imposed in case number 4:05-MJ-155.

(C) The defendant understands and has discussed with defendant's attorney that the defendant will have the opportunity to review the pre-sentence investigative report and challenge any facts reported therein. The defendant understands and has discussed with defendant's attorney that any objections or challenges by the defendant or defendant's attorney to the Pre-Sentence Report or the Court's rulings thereon will not be grounds for withdrawal of the plea of guilty.



3

(D) Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(E) Understanding that Title 18, United States Code, Section 3742, provides for appeal by a defendant of defendant's sentence under certain circumstances, defendant by this agreement waives any right to a direct appeal or other review of defendant's sentence by the District Court or Court of Appeals after conviction except in the case of any claim of ineffective assistance of counsel.

The defendant and the United States Attorney agree that nothing in this plea agreement shall affect the government's right or obligation to appeal as set forth in Title 18, United States Code, Section 3742(b). If, however, the United States Attorney appeals the defendant's sentence pursuant to this statute, the defendant is released from defendant's waiver of defendant's right to appeal altogether.

(F) Defendant agrees to provide complete, candid, and truthful statements to law enforcement officers regarding defendant's involvement and the involvement of all others involved in the charges alleged in the present Information as well as any and all criminal violations about which the defendant has knowledge or information and that such information provided will be pursuant to and covered by this agreement. The defendant further agrees to provide complete, candid, and truthful testimony regarding such matters in any proceeding. The defendant understands that this agreement does not require the defendant to implicate any particular individual or individuals or to "make a case," rather it requires the defendant to be truthful and to testify truthfully whenever called upon.

4

(G) Defendant and the government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. The defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(4)

In exchange for the consideration set forth in Paragraphs (3) and (4) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A) That he will accept the plea of guilty by defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal conduct related to the offense in this case, known to the United States Attorney at the time of defendant's guilty plea, which might have been brought solely in this district against the defendant.

(B) Pursuant to Section 1B1.8 of the United States Sentencing Guidelines, the Government agrees that any self-incriminating information which was previously unknown to the Government and is provided to the government by the defendant in connection with defendant's cooperation and as a result of the defendant's plea agreement to cooperate will not be used in determining the applicable guideline range. Further, the government agrees not to bring additional charges against the defendant, with the exception of charges resulting from or related to violent criminal activity, as defined in 18 U.S.C. Section 924(e)(2)(B)(i), based on any information provided by the


5

defendant in connection with the defendant's cooperation, which information was not known to the government prior to said cooperation. This does not restrict the government's use of information previously known or independently obtained for such purposes.

(5)

Upon the Court's acceptance of this binding plea agreement between the parties, the Court agrees to sentence the defendant to Twelve (12) months imprisonment, to be served concurrently with Defendant's sentence imposed in case number 4:05-MJ-155. If the Court rejects the plea agreement, the Court shall, on the record, and pursuant to Rule 11(e)(4), inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the Court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw the plea, and advise the defendant that if the defendant persists in a guilty plea the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

(6)

This agreement constitutes the entire agreement between the defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, defendant states that no person has, directly or indirectly, threatened or coerced defendant to do or

6

refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

As an aid to this Court, the United States Attorney and the defendant, by and through defendant's counsel, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Pre-Sentence Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and the defendant stipulate and agree that should this case proceed to trial, the following facts would be proven by the Government beyond a reasonable doubt:

Between June 6, 2004, and June 7, 2004, the Bureau of Alcohol, Tobacco, Firearms and Explosives Hotline in Washington, D.C., received two telephone calls regarding a bomb threat targeting the Cloister Hotel located on Sea Island, Georgia. The first telephone call originated in Athens, Georgia, from the University of Georgia. The ATF Hotline recorded the telephone call, during which the following statements were made: "Remember the bomb buried underneath the bleachers in Chechnya. Time to check the Cloister on Sea Island. Be scared because your ass is gone. Anybody on Sea Island within the next three days should watch their ass."

The ATF Hotline recorded the second telephone call as well, and traced it to a public pay phone located at Jimbo's Convenience Store located at 697 Baxter Street,



7

Athens, Georgia--approximately one half mile from Memorial Hall at the University of Georgia. During this telephone call the ATF recorded the following statements: "Sea Island is fucked. We have been laying in wait for a long time. You should tune in. A lot of Mexicans work at the Cloister. Whoever turns up, they're screwed."

On June 7, 2004, investigators from the University of Georgia Police Department (UGAPD) went to Memorial Hall to locate evidence related to the first call. They discovered that the telephone was located near two computer terminals with internet access. Management Information Specialist Jason Airlie and Officer Charles Rozier, both employed by the UGAPD, examined the hard drives from these computers.

Airlie and Rozier discovered that an individual, Jonathan Phillip Roberts, used an hotmail internet account on June 6, 2004, to access an homepage for the Pentagon and the ATF Hotline internet page. Roberts viewed the ATF Hotline page approximately four (4) minutes before the first call, placed at the telephone beside the computer, was received by the ATF Hotline in Washington, D.C. on June 6, 2004. For purposes of establishing his relevant conduct pursuant to Title 18, United States Code, Section 2A6.1, Roberts stipulates that he used a telephone, an instrument of commerce, to communicate threats to bomb the Cloisters Hotel.

(8)
## ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the defendant.

SO AGREED, this 4 day of May 2006.

G.F. PETERMAN, III
ACTING UNITED STATES ATTORNEY

BY: *[signature]*
RICHARD S. MOULTRIE, JR.
ASSISTANT UNITED STATES ATTORNEY
MIDDLE DISTRICT OF GEORGIA

I, **JONATHAN PHILLIP ROBERTS**, have read this agreement and had this agreement read to me by my attorney, SCOTT C. HUGGINS. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

*[signature]*
JONATHAN PHILLIP ROBERTS
DEFENDANT

I, SCOTT C. HUGGINS, attorney for defendant **JONATHAN PHILLIP ROBERTS**, have explained the Indictment and the government's evidence received through discovery and my investigation of the charge to defendant. I believe defendant understands the charge against defendant and the evidence that would be presented against defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to defendant. To the best of my knowledge and belief, defendant understands this agreement.

*[signature]*
ATTORNEY FOR DEFENDANT

9